UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

    -v.-　　　　　　　　　　　　　　　　　　　　16-CR-468 (GHW)

JAMES GRANT, *et al.*,

　　　　　　　　　　*Defendants*.
------------------------------------------------------------X

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT MICHAEL HARRINGTON'S PRETRIAL MOTIONS

　　　　　　　　　　　　　　　　THE WEINSTEIN LAW FIRM PLLC
　　　　　　　　　　　　　　　　Andrew J. Weinstein
　　　　　　　　　　　　　　　　Barrie A. Dnistrian
　　　　　　　　　　　　　　　　800 Third Avenue, 18th Floor
　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　T:  (212) 582-8900
　　　　　　　　　　　　　　　　F:  (212) 582-8989
　　　　　　　　　　　　　　　　E: aweinstein@twlf.com
　　　　　　　　　　　　　　　　　　bdnistrian@twlf.com

　　　　　　　　　　　　　　　　LAW OFFICE OF MARC FERNICH
　　　　　　　　　　　　　　　　Marc Fernich
　　　　　　　　　　　　　　　　Giuliana Graham
　　　　　　　　　　　　　　　　810 Seventh Avenue, Suite 620
　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　T: (212) 446-2346
　　　　　　　　　　　　　　　　F: (212) 459-2299
　　　　　　　　　　　　　　　　E: maf@fernichlaw.com
　　　　　　　　　　　　　　　　　　ggraham@fernichlaw.com

　　　　　　　　　　　　　　　　*Attorneys for Defendant Michael*
　　　　　　　　　　　　　　　　*Harrington*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ......................................................................................... ii

**STATEMENT** ............................................................................................................... 1

**POINT I: THE INDICTMENT MUST BE DISMISSED BECAUSE THE BRIBERY THEORY IT ALLEGES – SOUNDING IN AN AGREEMENT TO TAKE OFFICIAL ACTION "AS NEEDED" AND "AS OPPORTUNITIES AROSE" – HAS BEEN ABOLISHED BY *MCDONNELL V. U.S.*** ............................ 2

**POINT II: THE GOVERNMENT SHOULD FURNISH LIMITED PARTICULARS NECESSARY FOR DEFENSE PREPARATION** ................................................................................................ 4

**POINT III: THE GOVERNMENT SHOULD IMMEDIATELY IDENTIFY THE DOCUMENTS AND TAPES IT SEEKS TO INTRODUCE AS EVIDENCE AT TRIAL** ........................................ 6

**CONCLUSION** ............................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*McDonnell v. U.S.*, 136 S. Ct. 2355 (2016) .................................................... 2, 3, 5

*Nat'l Fed. of Ind. Bus. v. Sibelius*, 567 U.S. 519 (2012) .................................... 3

*U.S. v. Bortnovsky*, 820 F.2d 572 (CA2 1987) .................................................. 6

*U.S. v. Chalmers*, 474 F. Supp. 2d 555 (SDNY 2007) ........................................ 7

*U.S. v. Ganim*, 510 F.3d 134 (CA2 2007) ......................................................... 2

*U.S. v. Martoma*, 869 F.3d 58 (CA2 2017) ........................................................ 4

*U.S. v. Menendez, et al.*, No. 15-CR-155 (WHW) (D. N.J.) ............................... 2

*U.S. v. Percoco*, No. 16 CR 776 (VEC), 2017 WL 6314146 (SDNY Dec. 11, 2017) .................................................................................................................. 2

*U.S. v. Upton*, 856 F. Supp. 727 (EDNY 1994) .................................................. 7

*U.S. v. Vilar*, 530 F. Supp. 2d 616 (SDNY 2008) ............................................... 7

**Statutes and Rules**

Fed. R. Crim. P. 7 ................................................................................................ 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA

      -v.-                                                      16-CR-468 (GHW)

JAMES GRANT, *et al.*,

                              *Defendants.*
-------------------------------------------------------------X

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT MICHAEL HARRINGTON'S PRETRIAL MOTIONS

### STATEMENT

Michael Harrington replies to select government arguments opposing his pretrial motions. Issue is otherwise joined and we rest on our moving papers, to be amplified orally as appropriate.

# POINT I

**THE INDICTMENT MUST BE DISMISSED BECAUSE THE BRIBERY THEORY IT ALLEGES – SOUNDING IN AN AGREEMENT TO TAKE OFFICIAL ACTION "AS-NEEDED" AND "AS OPPORTUNITIES AROSE" – HAS BEEN ABOLISHED BY *MCDONNELL V. U.S.*__**

Relying on *U.S. v. Percoco*[1] – decided after Harrington filed his motions – the government insists that *Ganim*'s[2] stream of benefits bribery theory survives *McDonnell*.[3] Opp. 13, 15-16. But *Percoco* founders on the same core fallacy as the dismissal denial in *Menendez*.[4] Like *Menendez*, it misses the import of the reality – emphatically reaffirmed in *McDonnell* – that *agreeing* to exchange things of value for official acts is bribery's essence. So a payee doesn't commit bribery unless he promises to take an action that's concrete, focused and formal enough to qualify as official under *McDonnell*. And a jury can't make that determination unless the act or acts to be performed are specifically identified at the time the agreement's struck. It follows that pledging to

---

[1] No. 16 CR 776 (VEC), 2017 WL 6314146 (SDNY Dec. 11, 2017).

[2] *U.S. v. Ganim*, 510 F.3d 134 (CA2 2007).

[3] *McDonnell v. U.S.*, 136 S. Ct. 2355 (2016).

[4] *U.S. v. Menendez, et al.*, No. 15-CR-155 (WHW) (D. N.J.).

2

perform unspecified acts as opportunities arise doesn't suffice after *McDonnell*, as the payee hasn't *agreed* to perform an act ranking as official.

The government gilds the lily in suggesting that this ineluctable conclusion would "immunize[] against prosecution" unspecified future actions exchanged for things of value. *Id*. 17. Not so. What the government really means is that those types of agreements elude prosecution as *stream of benefits bribery rooted in official action*. After all, nothing prevented the government from accusing Harrington or Grant of, say, traditional money and property fraud premised on any improperly diverted police resources or dishonestly earned salaries. The government can't blame these defendants or the Supreme Court for its own faulty charging decisions. And if Congress doesn't like *McDonnell*, it is free to amend the anticorruption laws deployed here to alleviate the constitutional concerns raised there.

To paraphrase Chief Justice Roberts, "novelty is not necessarily fatal; there is a first for everything." *Nat'l Fed. of Ind. Bus. v. Sibelius*, 567 U.S. 519, 549 (2012); *cf*. Opp. 17 n.2. This Court should formally recognize what *McDonnell* makes plain: stream of benefits bribery is a

3

dead letter. *Cf., e.g., U.S. v. Martoma,* 869 F.3d 58, 69 (CA2 2017) (noting that "even if the effect of a Supreme Court decision is subtle, it may nonetheless alter the relevant analysis fundamentally enough to require overruling prior, inconsistent precedent"; holding that "*Salman* [SCOTUS] fundamentally altered the analysis underlying *Newman*'s [CA2] 'meaningfully close personal relationship' requirement such that the 'meaningfully close personal relationship' requirement is no longer good law") (citations, alterations and some internal quotation marks omitted).

## POINT II

### THE GOVERNMENT SHOULD FURNISH LIMITED PARTICULARS NECESSARY FOR DEFENSE PREPARATION

Resisting our request for the most elemental particulars,[5] the government says the quid, quo and coconspirator examples in the indictment and complaint, combined with its copious discovery production, dispel any "mystery" surrounding the case's "central issues." Opp. 96.

---

[5] "[A]ll bribes and gratuities – essentially the quids – that Harrington allegedly received; [] all official acts – the quos – that he allegedly took or agreed to take; and [] all known coconspirators besides Grant, Reichberg and Rechnitz." Mem. 36.

4

That claim knocks down a straw man. We seek a list of *un*pled quids and quos and *un*named coconspirators – *not* those already enumerated in the indictment and complaint.

Providing these essentials will help avoid a trial by ambush without prejudicing the government.[6] Simply put, it is impossible to prepare a defense in a quid pro quo bribery case without knowing the operative quids and quos or the key players. *See* Mem. 38-42.

Without the requested particulars, defense counsel must sift piles of discovery – to search for, yes, needles in haystacks – in hopes of divining what official acts the government may deem criminal and attempt to prove at trial. Mem. 40-41. As a high-ranking NYPD officer, Harrington performed thousands of acts in the relevant three-year period that were arguably "official" under *McDonnell*. *Id.* Yet the indictment doesn't allege that all or most of them were criminal – *i.e.,* undertaken in exchange for an identifiable personal or financial benefit. *Id.*

The magnitude of the task is implicitly acknowledged in the government's memo. Opp. 100 (arguing, given the voluminous evidence

---

[6] Far from having its trial proof "improper[ly]" or "prematurely restrict[ed]," Opp. 97, 100, the government can always seek to amend its bill of particulars as appropriate. *See* Fed. R. Crim. P. 7(f).

5

in the case, that it's premature to expect the government to identify every official act it will seek to prove at trial). And the same holds true for the unspecified quids and unidentified coconspirators. *See* Mem. 38-42.

The requested particulars are thus necessary to enable Harrington to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *U.S. v. Bortnovsky*, 820 F.2d 572, 574 (CA2 1987).[7]

### POINT III

### THE GOVERNMENT SHOULD IMMEDIATELY IDENTIFY THE DOCUMENTS AND TAPES IT SEEKS TO INTRODUCE AS EVIDENCE AT TRIAL

The government conveniently avoids the crux of our argument concerning the voluminous discovery in this case, summarily dismissing our identification request as "unduly burdensome and unnecessary." Opp. 107-108. Another swing and miss.

Though nothing *mandates* early disclosure of an exhibit list, courts are empowered "to direct the government to identify the documents it

---

[7] As our meet-and-confer certification attests, we have repeatedly "communicate[d]" our "genuine open questions to the [g]overnment," only to have our quid, quo and coconspirator identification requests continually rebuffed. Opp. 97.

6

intends to rely on in its case in chief" based on the "number of documents at issue." Mem. 42-43 (quoting *U.S. v. Vilar*, 530 F. Supp. 2d 616, 639-40 (SDNY 2008) (Sullivan, J.) (collecting cases)); *accord, e.g., U.S. v. Chalmers*, 474 F. Supp. 2d 555, 573 (SDNY 2007) (Chin, J.); *U.S. v. Upton*, 856 F. Supp. 727, 748, 754 (EDNY 1994) (Glasser, J.).

With trial just three months out and the government having turned over the electronic equivalent of more than *187 million* pages of discovery, immediate production of a detailed exhibit list is "reasonable and necessary" to promote a fair trial and facilitate "efficient [case] administration." *Vilar*, 530 F Supp. at 639-40.

## **CONCLUSION**

This Court should grant Harrington's motions in full.

Dated:   New York, NY
         Jan. 22, 2018

                Respectfully submitted,

                THE WEINSTEIN LAW FIRM PLLC

                By:   /s/ Andrew J. Weinstein
                Andrew J. Weinstein
                Barrie A. Dnistrian
                800 Third Avenue, 18th Floor
                New York, NY 10022
                T: (212) 582-8900
                F: (212) 582-8989
                E: aweinstein@twlf.com
                    bdnistrian@twlf.com

                LAW OFFICE OF MARC FERNICH
                Marc Fernich
                Giuliana Graham
                810 Seventh Avenue, Suite 620
                New York, NY 10019
                T: (212) 446-2346
                F: (212) 459-2299
                E: maf@fernichlaw.com
                    ggraham@fernichlaw.com

                *Attorneys for Defendant Michael Harrington*