

THE WEINSTEIN
LAW FIRM PLLC

THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10022
T 212.582.8900
F 212.582.8989
www.twlf.com

ANDREW J. WEINSTEIN
aweinstein@twlf.com

# DEMAND FOR DISCOVERY

July 20, 2016

**VIA E-MAIL and REGULAR MAIL**

AUSA Martin S. Bell
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

    Re: *United States v. Michael Harrington, et al.; 16-CR-468 (GHW)*

Dear AUSA Bell:

### A. Introduction.

    I am writing this letter on behalf of my client Michael Harrington (hereinafter the "Defendant") in connection with the above-captioned case seeking certain discovery and inspection pursuant to, *inter alia*, Fed. R. Crim. P. 7, 12 and 16, Local Rule 16.1, and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, in lieu of formal motions which might unnecessarily burden the Court. In the event of a disagreement between us as to whether the Defendant is entitled to any particular item, we can then request that the Court intervene and resolve the conflict.

### B. Definitions.

    Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense. Our request for discovery and inspection relates to items in the possession, custody, or control of the prosecutors in this case. As used in this letter, the term "prosecutors in this case", "prosecution" and "government" refer to attorneys and employees in your office, the New York City Police Department, as well as all other federal, state or local agencies that have participated in any manner in the investigation and/or prosecution of this case.

    With respect to those items which we request, if the prosecutors in this case do not have them in their possession, we ask for a statement to the effect that such items do not exist

AUSA Martin S. Bell
July 20, 2016
Page 2

or are not in their possession. If the prosecutors in this case are aware that a requested item exists but do not have it in their possession, then we request that the prosecutors disclose the whereabouts of the item. As used herein, the term "document" means: (1) any tangible thing, whether in hard copy, electronic format or otherwise, containing, reflecting or capable of reproducing or having reproduced from it, visually or orally, language, numerals or pictures; and (2) relating or referring in any manner to the allegations in the Indictment and the matters referred to therein. With the above parameters in mind, it is requested that the prosecutors in this case disclose the following:

C.  **Rule 16 and Other General Pretrial Materials.**

    1.    The Defendant requests that the prosecutors in this case produce to the Defendant and make available for inspection, photographing, copying and testing, all of the property and items set forth in Fed. R. Crim. P. 16(a)(1)(A)-(G).

    2.    The Defendant requests that the prosecutors in this case produce all relevant, written or recorded statements of the Defendant, any of his co-defendants, or any of their alleged agents or co-conspirators, or copies thereof, within the possession, custody or control of the prosecutors in this case, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutors in this case. In this regard, the prosecutors in this case are specifically requested to inquire of all law enforcement personnel and federal, state and local agencies who they know to have been connected with this case as well as any and all potential witnesses or other people who have supplied information to the prosecutors in this case whether they are aware of any written or recorded statements of the Defendant, any of his co-defendants, or any of their alleged agents or co-conspirators, and if so, to make such statements available, forthwith, for inspection by the Defendant.

    This request calls for discovery of written or recorded statements and recordings of the Defendant, his co-defendants, or any of their alleged agents or co-conspirators, by any means of mechanical recordation or electronic surveillance, whether or not in response to interrogation. The term "statements" includes the substantially verbatim as well as the mere summary and encompasses the Defendant's, his co-defendants' or any of their alleged agents' and co-conspirators' statements whether before or after arrest and in whatever form preserved. This request also calls for discovery of the time, place, and circumstances of such statements.

    This request also calls for discovery of the substance of any oral statement made by any alleged agents or co-conspirators of the Defendant or any of his co-defendants, whether before or after the initiation of the prosecution: (a) during a conversation with any person who in fact was a law enforcement official or who is now a prosecution witness; or (b) in response to interrogation by any person then known to any alleged agents or co-conspirators of the Defendant or any of his co-defendants to be a law enforcement official.

    This request is also designed to reach those statements by any alleged agents or co-conspirators of the Defendant or any of his co-defendants which have not been preserved in any writing or recording and for discovery of time, place and circumstances of such statements.

This request also calls for discovery of any recorded testimony of any alleged agents and co-conspirators before a governmental agency, entity or instrumentality or before a grand jury.

3. The Defendant requests that the prosecutors in this case produce the substance of any oral statement which the prosecutors in this case intend to offer in evidence at trial made by the Defendant, any of his co-defendants, or any of the Defendant's or his co-defendants' alleged co-conspirators or agents. The prosecutors in this case are requested to conduct a conscientious effort to determine whether any individuals acting on behalf of the prosecutors in this case are aware of any other oral statements purportedly made by any alleged co-conspirators or agents of the Defendant or any of his co-defendants.

4. The Defendant requests that the prosecutors in this case produce all mechanical or electronic tapes and recordings that: (a) contain conversations involving the Defendant, any of his co-defendants, or any of the Defendant's or his co-defendants' alleged agents or co-conspirators; (b) emanated from any premises or instruments in which any of them possessed a proprietary interest; or (c) were made pursuant to a court-ordered eavesdropping warrant naming the Defendant or any of his co-defendants as targets or otherwise resulting in their interception.

5. The Defendant requests that the prosecutors in this case produce and permit him to inspect and copy or photograph any and all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are within the possession, custody or control of the prosecutors in this case and which are material to the preparation of the defense or which are intended for use by the prosecutors in this case as evidence-in-chief at the trial. The Defendant further requests production of any books, papers, documents, photographs, tangible objects, or copies thereof, which are within the possession, custody or control of the prosecution that: (a) are related directly, or indirectly, to the Indictment; (b) relate to any statement of fact in the Indictment; and (c) constitute the fruits or means of perpetrating any offense set forth in the Indictment. This request includes but is not limited to any books, papers, documents, photographs, or other tangible objects, or copies thereof, which came into the possession, custody or control of the prosecution by subpoena, seizure or request directed to:

    a. any person whom the prosecution intends to call as a witness at trial; and

    b. any corporation, partnership, employee, organization, pension fund, financial institution, enterprise or other association wherein a person whom the prosecution intends to call as a witness at trial was an officer, employee, agent, member, trustee, associate, partner, or had an interest therein.

AUSA Martin S. Bell
July 20, 2016
Page 4

      6.      The Defendant requests that the prosecutors in this case produce and permit him to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof which are within the possession, custody or control of the prosecutors in this case, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutors in this case and which relate to this case, are material to the preparation of the defense, or are intended for use by the prosecutors in this case as evidence-in-chief at trial.

      7.      The Defendant requests that the prosecutors in this case designate those persons they intend to call as witnesses at trial and the addresses of such parties. This request includes *all* witnesses, including any witness from whom the prosecution in this case will seek to elicit "expert" testimony within the meaning of the Federal Rules of Evidence. Moreover, the prosecutors in this case are requested to disclose any reports, studies or other data which any "expert" will rely upon in giving his/her testimony. With respect to all "expert" witnesses, please provide a written summary of the testimony-in-chief to be offered under Fed. R. Evid. 702-05. This summary should describe the witnesses' qualifications and opinions, along with the bases and reasons therefor.

      8.      The Defendant requests that the prosecutors in this case provide him with notification of any impeachment evidence to be offered by the government, should the Defendant testify, pursuant to Fed. R. Evid. 608-09 so that the defense may seek an advance ruling regarding the admissibility of any such evidence.

    D.    **Brady/Giglio and Related Materials.**

      1.      The Defendant requests that the prosecutors in this case disclose the names and addresses of any person whom the prosecutors in this case know to have relevant information regarding the facts of this case.[1] In addition, the Defendant requests that the prosecutors in this case produce all relevant *Brady, Giglio, Agurs, Bagley, Kyles, Strickler* and *Banks* material[2], including, but not limited to:

            a.    Copies of all documents, statements, and any other evidence including, but not limited to, any written

---

[1] With respect to any law enforcement agent who will be testifying, we request that the prosecutors themselves review the personnel files of the officer/agent/witness to determine the existence of, and turn over to the defense if it exists, any *Brady* material. Should the personnel file be in the possession of some other state, city or federal agency, the prosecutors in this case must request a copy of the personnel file for review by the prosecutors and not the outside agency. *See, e.g., United States v. Lacey*, 896 F. Supp. 982 (N.D. Ca. 1995). In the event that the prosecutors in this case do not intend to follow this procedure, or are hindered by the outside agency, then the prosecutors are requested to advise defense counsel of this fact so that appropriate relief may be sought from the Court.

[2] *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Strickler v. Greene*, 527 U.S. 263 (1999); *Banks v. Dretke*, 540 U.S. 668 (2004).

      summaries of oral evidence and statements, now known to the prosecutors in this case or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to the Defendant, or which tends to negate or mitigate the guilt of the Defendant, as to the offenses charged, or which would tend to reduce any punishment therefor.

b. The names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory information and/or evidence.

c. With respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend or lover of any such person, attach copies of all indictments, complaints, or informations brought against such person by the federal, or any state or local government, all disciplinary actions brought by the federal, or any state or local government, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken. If the prosecution does not have copies of all indictments, complaints, informations, or disciplinary actions, state the dates and places of arrests, hearings, indictments, informations, etc., the charges brought, and the disposition of those charges so far as it is known.

d. With respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend, or lover of any such person, set forth a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has

cooperated with the federal or any state or local government, or for any other similar or related reason.

e. Copies of all memoranda of understanding between the prosecutors in this case and any of their witnesses, whether by way of a letter to the attorney for a witness or otherwise.

f. Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at trial.

g. All information which may bear on the credibility of any witness and all information bearing on his/her relationship to any federal (including, but not limited to, the I.N.S. and I.R.S.), state or local agency or agent, and any services or acts performed by him/her with the knowledge, request or acquiescence of the federal or any state or local government. This request embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

h. All documents and other evidence regarding drug or alcohol usage and/or dependency by any individuals the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state, local or military drug or detoxification program.

i. All documents, medical records and other evidence regarding any physical or mental disease, psychiatric problems of any duration, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization(s) or other treatment(s) for such physical or mental disease, disability, psychiatric problem or disorder.

j. Provide all information which may demonstrate an inconsistency or arguable inconsistency by a witness with another statement made by another person or that

      person; and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of the Defendant.

  k. The *Brady/Giglio*-related material detailed above includes all information and documents relevant to social services, welfare, and other services provided free or at a reduced cost by the federal or any state or local government to any prosecution witness.

  l. List all requests, demands or complaints made by any government witness that arguably could be developed on cross-examination to demonstrate a hope or expectation of favorable action or treatment (regardless of whether the government has agreed to take any favorable action).

  m. Copies of any and all records of any law enforcement or other federal, state or local governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards or recognition of any kind made by, any federal, state or local governmental agent or law enforcement officer for any work, action or conduct undertaken in connection with the investigation or prosecution of this case. If there are no written records, provide a summary of oral understandings; and requests for such compensation, even if not agreed to by the federal, state or local government agency. This request includes, but is not limited to, claims made pursuant to 28 U.S.C. § 524(c).

2. The Defendant requests that the prosecutors in this case produce any and all documents, memoranda, agreements, contracts, etc., which relate to promises of leniency, or agreements of immunity, either *de facto* or statutory (*see, e.g.*, 18 U.S.C. § 6001 *et seq.*), which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known, or through the exercise of due diligence, may become known to the prosecutors in this case.

3. The Defendant requests that the prosecutors in this case produce any and all documents, agreements, memoranda, contracts, etc., which reflect the payment of money or the receipt of other things of value to any prosecution witness or to any third-party at the behest of any prosecution witness. Such documents are sought whether or not such payments, etc.,

AUSA Martin S. Bell
July 20, 2016
Page 8

were made as the result of the assistance or information specifically provided in this case or another.

        4.      The Defendant requests that the prosecutors in this case disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any federal, state, or local law enforcement representative, attorney or other person acting as agent of or on behalf of the federal or any state or local government, to any person or entity who is either to be a witness in this case or is otherwise connected to this case. The prosecutors in this case are specifically requested to inquire of those law enforcement representatives connected to this case whether any such oral (or written) promises, inducements, agreements, etc., have been made to any person in connection with this case.

        5.      The Defendant requests that the prosecutors in this case disclose any actions, promises or efforts – formal or informal – by any federal, state or local government agent to obtain benefits for any potential prosecution witness or immediate family members, or for any business entity employing such witness – as a director, trustee, partner, member or otherwise – or in which the witness holds stock or any other type of ownership interest. This request includes, but is not limited to: (a) letters informing anyone of the witness's cooperation; (b) recommendations concerning federal, state or local aid, benefits or tax matters; (c) recommendations concerning licensing, certification or registration; (d) promises to help advance, or not to jeopardize, the witness's business, professional or employment status; (e) aid or efforts in securing or maintaining, or promises not to jeopardize, business or employment; (f) aid or efforts concerning a new identity for the witness and his family, and all other actions incident thereto; (g) direct monetary payments or subsidies to the witness or family members; and (h) all other activities, efforts or promises similar or related to items (a) - (g) above.

        6.      The Defendant requests that the prosecutors in this case produce any and all agreements, contracts, memoranda or other documents which reflect agreements between any officer or any federal, state or local agency to provide any assistance, housing or relocation to any prosecution witness or member of such individual's family. These documents are sought whether or not such agreements were made as the result of assistance or information specifically provided in this case or another.

*****

The law is well settled that it is not for the government to unilaterally decide what material is exculpatory or what material falls within the purview of *Brady*. Accordingly, we ask that any information which arguably falls within the categories of materials described in paragraphs D(1)-(6) above be disclosed to counsel for the Defendant. Absent some compelling reason to withhold this information, the Defendant requests the immediate disclosure of such materials to permit full exploration and exploitation. *See, e.g., Grant v. Alldredge*, 498 F.2d 376, 382 (2d Cir. 1974); *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001); *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002).

AUSA Martin S. Bell
July 20, 2016
Page 9

### E.  Search, Seizure and Related Materials.

1. The Defendant requests that the prosecutors in this case produce all books, papers, records, documents, email, electronic data in any form, photographs, tangible objects, video and audio tapes, or portions or copies thereof, which are within the possession, custody, or control of the prosecution and which were obtained from, or belong to, the Defendant (or any member of his immediate family), any business entity in which the Defendant is an employee, director, officer, shareholder, or member, any of his co-defendants, or any of the Defendant's or his co-defendants' alleged co-conspirators or agents. This request includes, but is not limited to, all material seized pursuant to a warrant or subpoena.

2. The Defendant requests that the prosecutors in this case produce all records, schedules, bills and other documents reflecting telephone calls, toll call records or telephone charges over any instrument in which he maintained a possessory interest or the government knew or believed he used, that are within the government's possession, custody or control, and known or reasonably available to the prosecutors in this case.

3. The Defendant requests that the prosecutors in this case produce any and all applications (and attendant documents or exhibits), affidavits, testimony, inventories and orders seeking, granting or denying judicial permission to conduct a physical search of any person, premises, or property (including internet-based or other email accounts) which relate to this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to prosecutors in this case. If any "consent" search was conducted, provide all details of date, time, place and results.

4. The Defendant requests that the prosecutors in this case produce any and all documents, electronic data, objects or other tangible things which were obtained by virtue of any physical search or seizure of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the prosecutors, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

5. The Defendant requests that the prosecutors in this case produce any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "mail cover" operations or the examination of the mail of any of the individuals involved in this case, and particularly the Defendant or any of his co-defendants.

6. The Defendant requests that the prosecutors in this case produce any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" or "trap and trace device" operations or to the affixing of any other instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

AUSA Martin S. Bell
July 20, 2016
Page 10

       7.      The Defendant requests that the prosecutors in this case produce any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which otherwise relate in any manner to this case, which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

       8.      The Defendant requests that the prosecutors in this case produce any and all applications, affidavits, orders or other documents which relate to any video or telescopically enhanced, thermal imaging, or GPS-assisted surveillance which was conducted in conjunction with the investigation of this case or which relate in any manner to this case, which is in the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case. If video or telescopically enhanced, thermal imaging, or GPS-assisted surveillance was accomplished without court order, please indicate so, including relevant dates, times, places, etc.

       9.      The Defendant requests that the prosecutors in this case produce any and all applications, affidavits, orders or other documents which relate to the use of any cell site location information (historical or contemporaneous) or information obtained via a "stingray" or other similar device. If any cell site information was accessed or a "stingray" or other similar device was used without a court order, please indicate so, including relevant dates, times, places, etc.

       10.      The Defendant requests that the prosecutors in this case produce any and all forms, affidavits, or other documents which purport to grant consent to search any individuals, persons or premises which relate, in any manner, to this case and which is in the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

       11.      The Defendant requests that the prosecutors in this case produce any and all court-authorized or non-court authorized observations by law enforcement officers of the Defendant or any of his co-defendants that were made from: (a) airplanes, helicopters or other airborne devices; and (b) property owned, leased or in which the Defendant, any of his co-defendants, or any of their alleged co-conspirators or agents had a possessory, leasehold or ownership interest.

       12.      The Defendant requests that the prosecutors in this case produce all documents and other discovery relating to any Satellite Tracking Devices, GPS, or other tracking devices or mechanisms of any kind that were used (whether on a vehicle, cellular phone or PDA device, or otherwise) in connection with this case (whether in connection with the Defendant, any of his co-defendants, any of their respective alleged agents or co-conspirators, or any other person or entity), including, but not limited to, all orders, applications, warrants, and other documentation relating thereto.

13. The Defendant requests that the prosecutors in this case produce all documents and other discovery relating to any cell site, GEOLOCATION, E911/Mobile Locator, or other similar information or data that was obtained in connection with this case (whether in connection with any phone, vehicle, or other item owned, possessed or used by the Defendant, any of his co-defendants, any of their respective alleged agents or co-conspirators, or any other person or entity), including, but not limited to, all orders, applications, warrants, and other documentation relating thereto.

### F. Identification Evidence.

1. The Defendant requests that the prosecutors in this case disclose whether any pretrial identification procedure was used in this case, including but not limited to photographic displays, lineups, show-ups, etc. If so, state the nature and circumstances of such identification procedure, as well as the time, date, and place of the identification. State whether any witnesses were unable to identify the Defendant, made a mistaken identification, or were uncertain in making an identification.

2. If the prosecution intends to offer at trial any testimony regarding an observation of the Defendant either at the time or place of the alleged commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, the Defendant requests that the prosecutors in this case provide timely advance notice of the same.

### G. Electronic Surveillance/Consensual Recordings.

1. The Defendant requests that the prosecutors in this case produce copies of:

   a. all electronic recordings of the Defendant, any of his co-defendants, or any of their alleged co-conspirators or agents, that were obtained as a result of any electronic eavesdropping or consensual recording;

   b. all electronic recordings of any third party that were obtained as a result of any electronic eavesdropping or consensual recording and which relate in any manner to the charges in the Indictment;

   c. all transcripts of any such electronic recordings in (a) or (b) above;

   d. all court orders authorizing or otherwise pertaining to any such electronic eavesdropping (together with all applications submitted in support thereof), extension orders (together with all applications submitted in support thereof), progress reports, line sheets, logs,

    summaries, reports pursuant to 18 U.S.C. § 2519 or state counterparts, sealing applications and orders, unsealing applications and orders, notices of interception or overhear, and all other documentation related to such electronic surveillance;

  e. all documents reflecting or memorializing a person's consent to having his or her wire or oral communications intercepted in connection with the investigation of this case;

  f. to the extent not covered by request (e) above, all applications, requests or correspondence seeking permission from the United States Attorney General or any other law enforcement officer (federal, state or local) to consensually record wire or oral communications; and

  g. all customer or subscriber records relating to the Defendant or the allegations in the Indictment obtained under Section 2703 of the 1986 Electronic Communications Privacy Act, and any documents authorizing the government to obtain such records.

  **H.** **Miscellaneous Materials.**

  1. The Defendant requests that the prosecutors in this case produce a copy of the prior criminal record, if any, of the Defendant, each of his co-defendants, and any of their alleged co-conspirators or agents, and a statement of the use, if any, the prosecution intends to make of such record(s) at trial.

  2. The Defendant requests that the prosecutors in this case provide prompt notice of the Defendant's other "crimes, wrongs or acts," if any, to be offered at trial under Fed. R. Evid. 404(b). In complying with this request, please identify all such crimes, wrongs or acts by date, time, place and participants, and state the prosecution's theory of admissibility as to each such crime, wrong or act.

  3. The Defendant requests the prosecutors in this case identify, by name, alias and address, all unindicted alleged co-conspirators known to the government.

  4. Pursuant to Fed. R. Crim. P. 12, Fed. R. Evid. 104 and the Defendant's Constitutional rights to a fair trial and the effective assistance of counsel, the Defendant requests that the prosecutors in this case disclose the existence of any of the following statements and indicating whether the government intends to offer such statement(s) as evidence-in-chief at trial:

AUSA Martin S. Bell
July 20, 2016
Page 13

    a. statements as to which the Defendant or any of his co-defendants manifested an adoption or belief of truth (*see* Fed. R. Evid. 801(d)(2)(B));

    b. statements purportedly authorized or deemed admissions by the Defendant or any of his co-defendants (*see* Fed. R. Evid. 801(d)(2)(A)-(C));

    c. statements by agents or servants of the Defendant or any of his co-defendants made during the existence, and concerning matters within the scope, of the agency or employment (*see* Fed. R. Evid. 801(d)(2)(D));

    d. statements by alleged co-conspirators made during the course and in furtherance of an alleged conspiracy (*see* Fed. R. Evid. 801(d)(2)(E)); and

    e. inculpatory statements by the Defendant, any of his co-defendants, or any alleged co-conspirators which raise issues under *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny.

5. The Defendant requests that the prosecutors in this case timely produce all statements required to be produced pursuant to 18 U.S.C. § 3500, including, but not limited to, written or recorded statements in whatever form, as well as handwritten and other informal notes of interviews. The Defendant requests that drafts or notes of such statements be preserved. If any such statements, drafts or notes have been or are intended to be discarded or destroyed, please identify such statements and notes in sufficient detail to permit a request to the Court for appropriate relief in advance of trial.

6. The Defendant requests that the prosecutors in this case produce all surveillance reports or memoranda (and any accompanying photographs or video) respecting the investigation of this case, or relating in any manner to the allegations in the Indictment, that are within the government's possession, custody or control and known or reasonably accessible to the prosecutors in this case.

7. The Defendant requests that the prosecutors in this case state whether any witness or prospective witness was hypnotized. If so, please describe the circumstances surrounding the hypnosis and provide copies of the video and/or tape recordings used to memorialize the hypnotic procedure.

8. The Defendant requests that the prosecutors in this case produce a list of exhibits that the government intends to introduce at trial in this case, supplementing such list as necessary.

9.    The Defendant requests that the prosecutors in this case produce all documents and other evidence regarding any polygraph examination(s) administered to any actual or prospective government witness (regardless of the outcome or results of such test(s)).

10.   The Defendant request that the prosecutors in this case list and briefly describe the subject matter of any material used, obtained or written in connection with the investigation of this case that, for whatever reason, has been lost or destroyed. This request includes rough notes of interviews, reports and memoranda. *See, e.g., United States v. Triumph Capital Group, Inc.*, 544 F.3d 149, 161-65 (2d Cir. 2008); *United States v. Taylor*, 707 F. Supp. 696, 705 (S.D.N.Y. 1989).

11.   The Defendant requests that the prosecutors in this case maintain and preserve all relevant notes, reports and recordings, prepared by or for government agents or prosecutors: (a) that are now or may later come within the government's possession; and (b) whose production is requested in this letter. This request includes documents, papers, tangible objects, video and audio recordings, and all other potential evidence. *Cf. United States v. Rodriguez*, 496 F.3d 221, 226 & n.4 (2d Cir. 2007).

12.   The Defendant requests that the prosecutors in this case produce all charts and/or summaries which are either: (a) material to the preparation of the defense; or (b) intended for use by the prosecution as evidence at trial.[3]

I.    **Request for Particulars.**

The Defendant requests that the government provide the following particulars with respect to the Indictment, pursuant to Fed. R. Crim. P. 7(f), which particulars are necessary for the Defendant to prepare for trial, prevent surprise and lodge a future plea of double jeopardy[4]:

1.    **Indictment ¶ 5**: (a) Identify all "other luxury items," and any "personal and financial benefits" not otherwise specified, with which defendant Reichberg allegedly "bribe[d]" defendants Grant and Harrington; (b) specify the "internal NYPD affairs" and "personnel decisions" over which Reichberg allegedly wielded "influence"; and (c) identify the "certain favored NYPD officers" whose "promotion" Reichberg allegedly helped "influence."

2.    **Indictment ¶ 6**: Identify any "other things" that Reichberg and CW-1 allegedly provided Grant and Harrington as "personal and financial benefits."

3.    **Indictment ¶ 7**: (a) Identify any unspecified "official actions" and "other official favors" that "GRANT and/or HARRINGTON" allegedly "took at the request of CW-1

---

[3] As to all of the items requested above, we are assuming that the prosecutors in this case will adhere to their continuing duty to disclose as provided for in Fed. R. Crim. P. 16(c).

[4] *See, e.g., United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010).

AUSA Martin S. Bell
July 20, 2016
Page 15

and/or REICHBERG"; and (b) specify the "tickets or other infractions" that Grant and Harrington allegedly fixed at CW-1 and Reichberg's request.

    4.    **Indictment ¶¶ 7, 9 and 11**: (a) Identify the "private disputes and investigations" Grant and Harrington allegedly assisted, and describe the nature of their alleged "assistance"; (b) specify the "parades and other cultural events" to which Grant and Harrington allegedly provided "special access," and describe the "special access" allegedly provided; and (c) describe the "police resources" Grant and Harrington allegedly provided for "security," and identify the "religious sites and events" where they were allegedly provided.

    5.    **Indictment ¶ 10**: (a) Identify the "expensive lunches and dinners" and "numerous sporting event[]" tickets that Reichberg and CW-1 allegedly "offered and paid for"; and (b) specify all such other "[f]inancial benefits."

    6.    **Indictment ¶ 11**: Identify any unspecified "official acts" that Harrington allegedly "performed" for Reichberg and CW-1.

    7.    **Indictment ¶¶ 12, 13 and 19**: Identify the "others" with whom defendants and CW-1 allegedly conspired.

    8.    **Indictment ¶¶ 13, 15, 20, 21, 24, 26, and 28**: Identify the "other [NYPD] members" who allegedly took "official actions" at "GRANT and HARRINGTON's" corrupt "direction."

    9.    **Indictment ¶ 22(g)**: Identify the "suspected criminal" allegedly surveilled, and describe how the NYPD was used to "facilitate an arrest for REICHBERG."

    J.    **Conclusion.**

I request that you respond in writing to this letter as soon as possible and that your response take the following form. As to each paragraph (and sub-paragraph) of this letter, please state which disclosures are being provided and which, if any, are declined and the reasons therefor. Furthermore, please state whether the prosecution has material responsive to any request which it declines to disclose.

Should you have any questions concerning any of these requests, please do not hesitate to contact me for clarification.

Your courtesy and cooperation in this matter are, of course, appreciated.

                      Very truly yours,

                      Andrew J. Weinstein

AUSA Martin S. Bell
July 20, 2016
Page 16


Cc: AUSA Kan Min Nawaday (via email)
    AUSA Lauren Schorr (via email)
    John Meringolo (via email)
    Anjelica Cappellino, Esq. (via email)
    David DeStefano, Esq. (via email)
    Susan R. Necheles, Esq. (via email)
    Kathleen Cassidy, Esq. (via email)
    Marc Fernich, Esq. (via email)
    Barrie A. Dnistrian, Esq. (via email)