# Meringolo & Associates, P.C.

375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

May 1, 2018

**VIA ECF**
Honorable Gregory H. Woods
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. James Grant, et al.,* **16-CR-468 (GHW)**

Dear Judge Woods:

      On behalf of defendant James Grant, we respectfully write to request that one of the government's potential expert witnesses be excluded from testifying at trial. As stated in its witness list, the government intends to call New York City Police Department Sergeant Damieon Cox. Based upon the information thus far provided to the defense concerning Sergeant Cox's testimony, we submit that his testimony is irrelevant to the facts at issue and as such, should be excluded at trial.

      Although the government has stated that it believes Sergeant Cox is a lay witness, the government nonetheless provided expert notice pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure outlining Sergeant Cox's expected testimony in a letter sent to defense counsel. The government has indicated that Sergeant Cox, who is currently a Squad Supervisor at the NYPD Academy and was previously an instructor there from 2013 through 2014, will testify about the Academy's curriculum. Sergeant Cox is expected to testify about topics such as the NYPD Patrol Guide, integrity, and policies regarding gifts, bribes, and gratuities. In addition, the government has stated that Sergeant Cox will set forth any similarities and differences between the current curriculum and the curriculum from 1996, the year of Mr. Grant's attendance, noting that defense counsel will be provided documentation regarding the 1996 and current curricula.

**Applicable Law**

      The Federal Rules of Evidence permit the introduction of relevant evidence—that is, evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "To be relevant,

evidences need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *United States v. Gonzalez,* 110 F.3d 936, 941 (2d Cir. 1997). Even if evidence is relevant and admissible for a proper purpose, it may still be excluded at the Court's discretion under Rule 403.  Under Rule 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

In determining the relevance of a defendant's education, this Court has previously held that, in the context of other offenses such as tax evasion, the general educational background and expertise of a defendant may bear on the defendant's ability to form the requisite intent. *United States v. Fletcher,* 928 F.2d 495, 501–02 (2d Cir.1991) (in a tax evasion prosecution, "the trier of fact may properly consider the general educational background and expertise of the defendant as bearing on the defendant's ability to form the requisite willful intent"); *United States v. Willner,* No. 07 Cr. 183(GEL), 2007 WL 2963711, at *8 (S.D.N.Y. Oct. 11, 2007) ("[Defendant's] background and experience as an IRS agent is relevant to his knowledge and intent, as it tends to support his knowledge of the tax laws and of the proper treatment of income.").

**Discussion**

Sergeant Damieon Cox's testimony should be excluded for two glaring reasons – 1) he was not the instructor when Mr. Grant attended the Academy in 1996 and cannot testify to Mr. Grant's curriculum; and 2) he cannot testify to the curriculum now or when he was an instructor in 2013 and 2014 because Mr. Grant was not a student at the time. Sergeant Cox is incapable of reliably testifying to Mr. Grant's education because, quite simply, he was not present for any part of it. His tenure with the NYPD Police Academy began well after Mr. Grant attended. As such, his testimony has no relevance to Mr. Grant's own educational background or training as a recruit at the Police Academy. Sergeant Cox is not in a position to opine as to Mr. Grant's particular training, and especially as a lay witness, his testimony is limited to his personal perceptions. Fed.R.Evid. 701(a). While the government states that Sergeant Cox's testimony will establish the similarities and differences between the training now and in 1996, such testimony will provide limited, if any, relevancy because he cannot testify to Mr. Grant's own curriculum. At most, such comparisons can provide a general historical perspective on the evolution of the NYPD curricula, but offer little relevancy by way of Mr. Grant's own experiences.

Even assuming *arguendo* that Sergeant Cox could ostensibly testify to Mr. Grant's specific educational experiences and training, such testimony would be of little relevance to the facts at issue, namely, whether Mr. Grant possesses the requisite knowledge or intent necessary to commit the crimes charged. Unlike in the above referenced tax evasion examples, where a defendant's educational background and knowledge of the tax laws could be used to directly establish intent (or a lack of mistake) to violate the same laws, Sergeant Cox's testimony will not discuss Mr. Grant's

2

education on the charged offenses. There is a much more tenuous link between the Police Academy's curriculum and the NYPD Patrol Guide and violations of the federal crimes charged against Mr. Grant. Mr. Grant's education pertaining to NYPD guidelines is not synonymous with any intent to commit the crimes charged, as internal policies are wholly separate and distinct from federal laws.

Even if some relevancy could be gleaned from Sergeant Cox's testimony, it runs a dangerous risk of misleading the jury and confusing the issues at hand. First, Sergeant Cox's own perceptions of the NYPD curriculum from 2013 and onward does not qualify him to opine on Mr. Grant's past nor should a pedantic comparison of the different curricula go to the issue of his intent or knowledge. Most notably, Sergeant Cox will testify to internal NYPD guidelines, **not federal law.** However, in this context, the testimony may mislead the jury into equating a working knowledge of NYPD guidelines to intent to commit the crimes charged. Likewise, a violation of the NYPD guidelines or other internal procedure may cause the jury to incorrectly find an automatic violation of federal law. The conflation of these two very distinct governing bodies is extremely prejudicial to Mr. Grant.

Therefore, for the foregoing reasons, we respectfully submit that Sergeant Cox should be precluded from testifying at trial.

Respectfully submitted,
__/s/_____
John Meringolo, Esq.
Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013
(212) 941-2077
*Attorney for Defendant James Grant*