**Meringolo & Associates, P.C.**
375 Greenwich Street
New York, New York 10013
(212) 941-2077 / (212) 202-4936 fax
www.meringololaw.com

May 1, 2018

**VIA ECF**
Honorable Gregory H. Woods
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. James Grant, et al.*, 16-CR-468 (GHW)

Dear Judge Woods:

    On behalf of defendant James Grant in the above-captioned matter, we respectfully write to request that one of the witnesses on the government's list, referred to as Prostitute-1,[1] be excluded from testifying at trial. As explained below, the sole purpose of her testimony is directly contradicted by the grand jury testimony of Special Agent Joseph Downs and the trial testimony of cooperating witness, Jona Rechnitz.

    This individual, a former escort, is alleged to have travelled to Las Vegas for Super Bowl weekend in 2013 with Mr. Grant, Mr. Reichberg, the cooperating witness Jona Rechnitz, and others on a private jet. The government asserts that Mr. Grant and others engaged in sexual acts with Prostitute-1 in exchange of payment. The basis for the government's argument to admit Prostitute-1's testimony is that allegedly Mr. Rechnitz paid for her services as a form of bribery and a part of a *quid pro quo*. The government has previously argued this is relevant to the charged offenses. However, the previous testimony of Jona Rechnitz as well as Special Agent Joseph Downs directly contradicts the assertion that Mr. Rechnitz paid for Prostitute-1's services.

    On July 7, 2016, Agent Downs testified before a grand jury. While Agent Downs testifies that Mr. Rechnitz paid for the plane and hotel accommodations for himself and others, he definitively states that Mr. Grant paid Prostitute-1 for her services. *See* 3501-040, Agent Downs Grand Jury Testimony at 26. Agent Downs also proffers that he had the opportunity to discuss these events with Prostitute-1 and Mr. Rechnitz who both corroborate each other. *Id.* at 27. Likewise, in the *U.S. v. Seabrook*, 16-CR-467 (ALC) trial, Mr. Rechnitz testifies that either Mr. Reichberg or Mr. Grant brought Prostitute-1 on the trip and that he "had nothing to do with" arranging or paying for her services. Trial

---

[1] As the witness list is deemed confidential, this individual is referred to as "Prostitute-1" for the purposes of this submission.

1

Tr. at 1170-1171. Notably, Prostitute-1 gave an interview to the *New York Post* in which she states that Mr. Grant "handed her around $1,500 for her services."[2]

In light of the above, Prostitute-1's testimony is entirely irrelevant to the charged offenses and should be excluded at trial.

**Applicable Law**

The Federal Rules of Evidence permit the introduction of relevant evidence—that is, evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  "To be relevant, evidences need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *United States v. Gonzalez,* 110 F.3d 936, 941 (2d Cir. 1997). "Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *Id.* Furthermore, such evidence is admissible as direct evidence, rather than as other bad acts evidence pursuant Rule 404(b) of the Federal Rules of Evidence, when "'it ar[ises] out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *Id.* at 942.

Even if evidence is relevant and admissible for a proper purpose, it may still be excluded at the Court's discretion under Rule 403.  Under Rule 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *See also United States v. LaFlam,* 369 F.3d 153, 155 (2d Cir. 2004) ("Rule 403 provides the district court with broad discretion to exclude evidence where the probative value is substantially outweighed by the possibility of jury prejudice or confusion.").

"[W]hat counts as the Rule 403 probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives . . . [W]hen a court considers' whether to exclude on grounds of unfair prejudice,' the 'availability of other means of proof may . . . be an appropriate factor.'" *Old Chief v. United States*, 519 U.S. 172, 184 (1997) (quoting Advisory Committee's Notes on Fed. R. Evid. 403). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged . . . 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. at 180-81(internal quotation and citation omitted); *United States v. Quattrone,* 441 F.3d 153, 186 (2d Cir. 2006) (Such prejudice "'may be created by the tendency of the evidence to prove

---

[2] https://nypost.com/2016/06/24/hooker-details-mile-high-group-sex-with-nypd-cops/

2

some adverse fact not properly in issue or unfairly to excite emotions against the defendant.'").

The Second Circuit has also advised that in terms of unfair prejudice, evidence must be excluded that "unduly inflame[s] the passion of the jury, confuse[s] the issues before the jury, or inappropriately lead[s] the jury to convict on the basis of conduct not at issue in the trial." *Quattrone,* 441 F.3d at 186. Rule 403 does not provide for an exception for background or even "intertwined" evidence but rather the Rule dictates that all evidence which is more prejudicial than probative must be excluded. *United States v. Berbal*, 62 F.3d 456, 463 (2d Cir. 1995).

**Discussion**

In the instant matter, Prostitute-1, Mr. Rechnitz, and Agent Downs all corroborate the same assertion – that Mr. Grant personally paid Prostitute-1 for her services during the Las Vegas Super Bowl trip. Thus, it is impossible for such evidence to form the basis of the charges set forth in the Superseding Indictment. The entirety of the government's case rests upon the theory that gifts were given to Mr. Grant by Mr. Reichberg and Mr. Rechnitz in order to improperly obtain certain benefits. The crux of the charges, first and foremost, relies on the actual receipt of the bribes. By definition, Mr. Grant needs to have actually *received* a thing of value from his alleged bribers. It is inarguable that to the extent Mr. Grant purchased an item or service for himself, that said item or service cannot be simultaneously said to have been purchased or provided by Mr. Rechnitz. Despite Agent Downs' testimony to the contrary, the government insisted on alleging that the services of prostitutes were a "financial benefit" received by Mr. Grant in the course of the conspiracy. *See* Superseding Indictment at ¶5. However, there is simply no way to categorize Prostitute-1's testimony as direct evidence of the charges.

Likewise, the fact that a prostitute was present on the Las Vegas flight is inconsequential and provides no contextual background to the trip, as the inarguable purpose of admitting this trip into evidence is to establish Mr. Rechnitz paid for the flight and accommodations as a form of bribery. Thus, it is the accommodations and financial arrangements paid for by Mr. Rechnitz that are arguably relevant to the charged offense. A prostitute personally paid for by Mr. Grant offers no relevant purpose to establish whether or not Mr. Rechnitz's generosity establishes the charged offenses. And realistically, it is highly doubtful that she would have knowledge or any pertinent information to offer in this regard, as her interactions with the co-defendants were limited. The complete story of the trip can be elicited from Mr. Rechnitz without Prostitute-1's testimony.

It is notable that the government has been well aware for quite some time that Prostitute-1 is entirely unrelated to the bribery allegations because she was not compensated by anyone but Mr. Grant. The government's insistence on calling Prostitute-1 to testify cannot be interpreted as anything but a tactic to improperly prejudice Mr. Grant in the eyes of the jury. To parade Prostitute-1 before a jury for the sole purpose of exposing Mr. Grant's personal and intimate indiscretions is not just

unfairly prejudicial and misleading but a patent waste of the Court's time during an already lengthy trial schedule. Contrary to the assertions in the Superseding Indictment, the government's own agent and witnesses corroborated that Prostitute-1 was personally paid for by Mr. Grant, and as such, is wholly separate and distinct from any conceivable bribery payment. Without this essential link, Prostitute-1's testimony should be excluded for what it is – confusing and irrelevant evidence that is needlessly time-consuming and vastly more prejudicial than probative.

      For all of the foregoing reasons, it is respectfully requested that Prostitute-1's testimony be excluded at trial.

Respectfully submitted,
  /s/_____
John Meringolo, Esq.
Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013
(212) 941-2077
*Attorney for Defendant James Grant*
