

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 4, 2018

**BY ECF and EMAIL**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Grant, et al.
                S2 16 Cr. 468 (GHW)

Dear Judge Woods:

      The Government respectfully writes in response to the defendant Jeremy Reichberg's motion to suppress all evidence derived from the search of Subject Device-19. (Dkt. No. 235 ("Reichberg Motion").) Reichberg argues that the entire contents of Subject Device-19 should be suppressed, principally because the Government erroneously identified a single, extensive chat between Reichberg and his wife (the "Marital Chat") as responsive. The Government agrees that the Marital Chat is privileged and will not seek to offer it at trial. Upon learning of its mistaken production, the Government took immediate action to cure it, and understands that the copy produced to co-defendant Grant now has been destroyed. This error was inadvertent and will cause no prejudice to Reichberg at trial; it does not warrant the drastic remedy of suppression of all evidence derived from Subject Device-19.

*Mistaken Production of the Marital Chat*

      Based on defense counsel's description, the Marital Chat was a single, lengthy chat on Subject Device-19, which the Government searched pursuant to a search warrant. Subject Device-19 appears to contain approximately 266,535 electronic records on its "timeline," including more than 15,000 chat communications, 23,000 text messages, and 85,000 images. Defense counsel has asked that the Government refrain from reviewing the Marital Chat for purposes of responding to this motion, and the Government has honored that request.[1] It is therefore difficult, however, to ascertain precisely how the Marital Chat was misclassified during the search, but it appears that it may have been the result of a single mistagged record in a vast field of data.

---

[1] Based on defense counsel's description, the Government does not believe that the Marital Chat was reviewed by any member of the case team and will not review it going forward.

Hon. Gregory H. Woods
May 4, 2018

In general, where the Government has identified any data responsive to the warrant in Subject Device-19, including a single line or portion of a broader chat conversation, the Government has endeavored to identify and produce to the defendants the entire associated chat to ensure that the defendants have access to the context for the identified communication, photograph, or other data. The identification of the Marital Chat, as well as the Other Chats, appears to have either been the result of this practice, or purely an errant keystroke that accidentally tagged the wrong communication. The production at issue was made prior to any ruling by this Court regarding the need for a taint team.

Immediately upon learning that the Marital Chat had been mistakenly produced, the Government contacted counsel for Grant to ask them to destroy or return this item, and Grant's counsel promptly agreed. The Government will continue to take all available steps to avoid and address any similar errors in the future.

*Blanket Suppression Is A Drastic Remedy That Is Not Warranted For This Good Faith Error*

The Government's error in producing the Marital Chat was inadvertent and made in good faith. The Government agrees that the chat is protected by the marital communications privilege, does not intend to offer it at trial, and does not believe any member of the case team reviewed the chat. Prompt segregation of a potentially privileged confidential marital communication is an appropriate remedy for Reichberg's claim, and the Government has taken such action. Blanket suppression of evidence, however, is a drastic remedy that is not warranted here.

In *United States v. Lumiere*, No. 16 CR. 483, 2016 WL 7188149 (S.D.N.Y. Nov. 29, 2016), Judge Rakoff evaluated a similar suppression motion, there regarding the attorney-client privilege. Judge Rakoff found "no instances in which a court ordered blanket suppression because care was not taken to avoid reviewing privileged documents. Indeed, '[t]he general remedy for violation of the attorney-client privilege is to suppress introduction of the privileged information at trial,' *see United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1047 (D. Nev. 2006), not to order wholesale suppression." *Id*. at *6.

As Judge Rakoff recognized, the Government faces challenges in reviewing electronic devices because "meaningful digital segregation may well be impossible" in this medium. *Id*. at *4. "Though to a user a hard drive may seem like a file cabinet, a digital forensics expert reasonably perceives the hard drive simply as a coherent physical storage medium for digital data—data that is interspersed throughout the medium, which itself must be maintained and accessed with care, lest this data be altered or destroyed." *Id*. (quoting *United States v. Ganias*, 824 F.3d 199, 212 (2d Cir. 2016) (emphasis in original). This "interspersion . . . may affect the degree to which it is feasible, in a case involving search pursuant to a warrant, to fully extract and segregate responsive data from non-responsive data." *Id*. (quoting *Ganias*, 824 F.3d at 213).

Irrespective of the reason for the error, wholesale suppression of the contents of Subject Device-19 is not warranted. "[W]hen items outside the scope of a valid warrant are seized, the normal remedy is suppression and return of those items, not invalidation of the entire search." *United States v. Matias*, 836 F.2d 744, 747 (2d Cir. 1988). The Government has swiftly

Hon. Gregory H. Woods
May 4, 2018

implemented the remedy endorsed in *Matias*, and *Lumiere*, namely, the exclusion of the Marital Chat at trial or for any other purpose.

"[T]he extreme remedy of blanket suppression should only be imposed in the most extraordinary of cases" and there is no basis for that remedy to be imposed here. *United States v. Shi Yan Liu*, 239 F.3d 138, 142 (2d Cir. 2000) (quoting *United States v. Foster*, 100 F.3d 846, 852 (10th Cir. 1996)); *see also United States v. Hamie*, 165 F.3d 80, 84 (1st Cir. 1999) (internal citations omitted) (finding that total suppression has "occurred only in extreme situations, such as when the lawful basis of a warrant was a pretext for the otherwise unlawful aspects of a search or when the officers flagrantly disregarded the terms of the warrant."); *United States v. Triumph Capital Grp., Inc.*, 211 F.R.D. 31, 60 (D. Conn. 2002) (emphasis added) ("The drastic remedy of blanket suppression of all seized evidence is not justified unless the agent executing the warrant effected a widespread seizure of items not within the scope of the warrant *and* did not act in good faith.").  These extreme situations, meriting suppression, have involved truly flagrant circumvention of the warrant requirements for prosecutorial gain.  No such circumstances are present here. *Compare United States v. Medlin*, 842 F.2d 1194 (10th Cir. 1988) (local officials purposely used a federal warrant authorizing only the seizure of firearms to take 667 separate, unauthorized items from a suspect's home to further a broader state investigation); *United States v. Foster*, 100 F.3d 846, 852 (10th Cir. 1996) (suppression was appropriate where agents "knew that the limits of the warrant would not be honored" from inception).

The Government's proof at trial will focus on the thousands of communications on Subject Device-19 that Reichberg had with members of the conspiracy, including co-defendant Grant, and his efforts to seek official action from members of the New York City Police Department.  The jury should hear this evidence, which should not be suppressed.

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

By:    __/s/_____
            Martin S. Bell
            Jessica Lonergan
            Kimberly J. Ravener
            Assistant United States Attorneys
            (212) 637-2463/1038/2358

cc:       All Counsel (by ECF and email)