**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 9, 2018

**Via ECF and Email**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **United States v. James Grant and Jeremy Reichberg,**
            **S2 16 Cr. 468 (GHW)**

Dear Judge Woods:

      Having reviewed the Court's proposed jury charges (the "Proposed Charges"), the Government writes to respectfully propose the following initial comments for the Court's consideration.

      First, the Government respectfully requests an addition to the Proposed Charges. Currently, the Proposed Charges do not define "thing of value," a legal term of art that lies at the heart of the charged *quid pro quo* conduct. As reflected in the Government's November 28, 2018 letter, the defense has focused many questions and arguments regarding whether certain gifts at issue in the case were paid for out-of-pocket by defendant Jeremy Reichberg and alleged co-conspirator Jona Rechnitz, and in particular, whether items were easy for Mr. Rechnitz to obtain because he was rich. However, under the law, whether an item constitutes a "thing of value" does not depend in any way on the wealth of the giver, nor does it matter that a gift may have been obtained free of cost or cheaply by the briber. To correct the risk of jury confusion caused by this line of questioning and argument, the Government respectfully requests that the Court provide an instruction to the jury defining the term "thing of value," and proposes the following language:

> I instruct you that the phrase "thing of value" has a broad meaning under the law. A thing of value may be tangible property, intangible property, or services, so long as it has some value and benefits the recipient in some way. It includes both things whose precise value is easy to calculate – such as money – as well as things that may be more difficult to value, such as services or even access to sex. While the market value of an item or service may be considered by you, the wealth of or cost to the individual providing the "thing of value" is irrelevant. The sole question for you, with respect to this

    element, is whether the defendant you are considering gave or
    received a thing of value as I have defined that term for you.

*See United States v. Williams*, 705 F.2d 603, 622–23 (2d Cir. 1983); *United States v. Girard*, 601 F.2d 69, 71 (2d Cir.), *cert. denied*, 444 U.S. 871 (1979); *United States v. Robilotto,* 828 F.2d 940, 947 (2d Cir.1987) (citation omitted), *cert. denied,* 484 U.S. 1011, 108 S.Ct. 711, 98 L.Ed.2d 662 (1988); *United States v. Rosenthal*, 9 F.3d 1016, 1023 (2d Cir. 1993); *United States v. Ostrander*, 999 F.2d 27, 31 (2d Cir. 1993).

   Second, the Government respectfully requests that the Court eliminate Sections 17 and 18 ("Interest in Outcome" and "Witnesses who are Prior Felons"). The purpose of these instructions appears to be entirely duplicative of the later instructions to the jury regarding cooperating witnesses. The Government respectfully submits that these instructions are unduly confusing and cumulative in light of those later, and more complete, instructions.

   Third, the Government respectfully notes that in light of the transcripts of recordings supplied by the defense to the jury, Section 59 ("Transcripts of Recordings") should refer not solely to the Government but rather to "each party." In addition, the Government requests that the Court add a notation regarding translations in the transcripts. Previously, with the agreement of both parties, the Court advised the jury that: "For those portions of the recordings that are in a foreign language, however, you must accept the translations in the typed documents as accurate. If you speak the foreign languages on are the recordings, you may not substitute your own translation of the portions of the transcript in a foreign language." (Tr. 3559, 3566). The Government respectfully submits that this instruction be added to the Proposed Charges.

   Fourth, the Government respectfully requests that in Section 21, rather than referring to "Mr. Reichberg, and not Mr. Grant" for the individual charges, that the Court instead identify the individual charges by reference to "only Mr. Reichberg" or "only Mr. Grant," as applicable.

   Fifth, the Government has identified a small number of typographical errors in the Proposed Charges, and identifies them below in italics for the Court's convenience:

- Page 28, first paragraph – "*things* of value"
- Page 28, last paragraph – "benefit received *and a* specifically identified act"
- Page 40, "Reichberg" appears to be misspelled
- Page 48, "you *are* considering knowingly *and* intentionally"
- Page 60, fourth paragraph – it appears that the reference here to Counts Two and Three should instead refer to Counts *One* and Three.

Page 3<br>December 9, 2018

  Lastly, the Government is in the process of further examining the Proposed Charges, and will provide any further comments to the Court regarding the Proposed Charges as soon as possible in advance of Friday's scheduled charge conference.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

    by: __/s/ Martin S. Bell_____
        Martin S. Bell / Jessica Lonergan / Kimberly Ravener
        Assistant United States Attorneys
        (212) 637-2463 / 1038 / 2358

cc:  All counsel (by ECF & email)