U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 13, 2018

**Via ECF and Email**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>     Re:    **United States** v. **James Grant and Jeremy Reichberg**,
>            **S2 16 Cr. 468 (GHW)**

Dear Judge Woods:

      The Government writes further, at the Court's request, regarding Jona Rechnitz's prior testimony in *United States* v. *Norman Seabrook*, 16 Cr. 467 (AKH). Specifically, the Court requested the Government's respond to defendant Reichberg's argument that Rechnitz's testimony in the October 2017 *Seabrook* trial ("*Seabrook I*") and the August 2018 Seabrook retrial ("*Seabrook II*") took place after Rechnitz's purported "motive to fabricate arose," and thus that testimony is not admissible under 801(d)(1)(B)(i). That argument is wrong because, as detailed below, the relevant portions of defendant Reichberg's cross-examination were intended to allege that Rechnitz had changed his testimony *since* testifying in *Seabrook I* and/or *Seabrook II*.

      Although Reichberg's cross-examination of Rechnitz touched on this topic at several points, the most relevant portion can found at pages 4095 through 4103 of the trial transcript, a copy of which is attached as Exhibit A. Specifically, Reichberg's questioning in Exhibit A includes the following implied charges, all of which sought to suggest to the jury that Rechnitz had changed or fabricated his testimony after previously testifying in *Seabrook I* and/or *Seabrook II*:

(1) Rechnitz previously testified that there was never a "quid pro quo" to bribe a police officer in *Seabrook I*, but is claiming there was one here. (*See, e.g.*, Trial Tr. 4095-96).
(2) Rechnitz previously testified that there was no explicit verbal agreement with any police officer, but says that there was one here. Specifically, the line of questioning suggests that Rechnitz's account of making payments to the NYPD Football Team in order to secure assistance from Stephen McAllister with the protestors in front of Lev Leviev's store changed over time. (*See id*. 4095, 4098).
(3) Rechnitz testified earlier that he did not understand there to be an explicit agreement expressed between Reichberg and defendant James Grant, and he

    has now changed his story to say that Grant asked Reichberg for things. (*See id*. 4098).

(4) Rechnitz previously testified that he had not "corrupted" police officers, and is now testifying that he did not know what "corruption" meant. (*See id*. 4099).

By its pending application, the Government seeks to offer only limited portions of Rechnitz's testimony from *Seabrook I* and *Seabrook II,* attached as Exhibits B and C, respectively, directly relevant to the above lines of questioning and necessary to make clear to the jury that the alleged inconsistency implied by defense counsel does not, in fact, exist. Each of these is admissible under Rule 801(d)(1)(B), as each (1) is consistent with the declarant's testimony in this case, and (2) is offered to rebut an express or implied charge that the defendant recently fabricated that testimony.

That the purported "fabrication" within Reichberg's allegations post-dates Rechnitz's direct testimony in *Seabrook I* is apparent from Reichberg's questioning. In each of the instances outlined above, the clear charge is that Rechnitz changed his testimony between *Seabrook I* and the current trial. Further, the central matter at issue in *Seabrook I* and *Seabrook II* about Rechnitz's involvement in facilitating substantially more explicit *quid pro quo* kickback arrangement between Seabrook and Murray Huberfeld. Neither trial focused on Rechnitz's relationship with NYPD officers or called into question the subtler aspects of the bribes and/or relationships relevant to this case. Rechnitz's purported "motive to lie" on the specific matters listed above did not exist until the defendants he testified against were Reichberg and Grant instead of Seabrook and Huberfeld.

Not allowing this prior consistent testimony would allow the defense to create misleading impressions concerning as to Rechnitz's prior testimony and leave unrebutted false claims of fabrication. Because the requirement "that the consistent statements must have been made before the alleged influence, or motive to fabricate, arose," *Tome* v. *United States*, 513 U.S. 150, 158 (1995), is met here, the Government respectfully submits that the Court allow it to present the referenced excerpts of Rechnitz's prior testimony to the jury pursuant to Rule 801(d)(1)(B).

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by:   /s/   Martin S. Bell
    Martin S. Bell / Jessica Lonergan / Kimberly Ravener
    Assistant United States Attorneys
    (212) 637-2463 / 1038 / 2358

cc:    All counsel (by ECF & email)