

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

<div style="font-style: italic;">
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007
</div>

February 24, 2022

**By ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Reichberg, et al.*, 16 Cr. 468 (GHW)

Dear Judge Woods:

  The Government respectfully submits this letter in opposition to the application of WNBC, dated February 9, 2022, to lift the protective orders governing this case (the "WNBC Application"). (*See* Dkt. No. 623.) The WNBC Application appears to seek this action in order to obtain copies of certain materials produced in discovery to the defendants and their counsel, which were not otherwise presented as exhibits during the litigation of this case or relied upon by the Court as judicial documents. However, the protective orders remain supported by good cause, consistent with Federal Rule of Criminal Procedure 16(d)(1), in particular, the strong privacy interests of individuals who were not defendants in this case. (*See* Dkt. Nos. 34, 132, and 133 (collectively, the "Protective Orders")). For these reasons, the Government respectfully submits that the Protective Orders should not be lifted.

  A. **Relevant Background**

  As this Court is aware, the Government produced voluminous discovery to the defendants, including Title III wiretap interceptions, grand jury materials, and materials obtained by search warrants for electronic devices and accounts. In light of the sensitive nature of the discovery, the parties agreed to the entry of a protective order at the inception of the case. The initial protective order provided that information designated as "Confidential Material," by the Government, and then "disclosed to any of the defendants or their counsel during the course of proceedings in this action: (a) Shall be used by the defendants and their counsel only for purposes of the defense of this action." (Dkt. No. 34, ¶ 2(a).) The order defined Confidential Material to be designated by the Government as materials containing "Sensitive Information," such as "recordings of phone calls made by individuals who are not defendants in this case; summaries of those recordings; and e-mails of individuals who are not defendants in this case or the defendant to whom the e-mails are being produced," including materials containing "discussions of highly sensitive private and

The Honorable Gregory H. Woods
February 24, 2022
Page 2

personal matters." (Dkt. No. 34 at 1.) The order further provided that all documents subject to the protective order "[s]hall be returned to the Government, shredded, deleted, erased or otherwise destroyed (together with any copies made thereof) following the final conclusion of the above-referenced case)," except for materials annexed to court filings. (*Id.* ¶ 2(d).) A subsequent protective order was entered on March 6, 2018 containing parallel provisions to govern the production of witness statements and related materials to the defense as "Protected Material." (*See* Dkt. Nos. 132, 133 (the "3500 Protective Order"), ¶¶ 2(a) & 3.) The names and prior statements of dozens of witnesses, including numerous persons who were ultimately not called at trial, were disclosed pursuant to the 3500 Protective Order.

A portion of the materials previously designated as Confidential or Protected Material became public during trial. The case concluded in late 2021 with the Second Circuit's affirmance of Reichberg's conviction. (*See* Dkt. No. 622.) Consistent with the Protective Orders, the Government has confirmed with defense counsel that they no longer maintain copies of Confidential Material or Protected Material which were subject to destruction or return at the close of the case.

### B. Discussion

There is good reason why the parties agreed to, and the Court entered, the Protective Orders that prevent the defendants from disclosing materials obtained through the process of criminal discovery for any reason unrelated to the criminal case. To allow otherwise would permit the unfettered dissemination of a vast swath of materials, including those that implicate witness privacy interests and "discussions of highly sensitive private and personal matters." (Dkt. No. 34 at 1.) The conclusion of the case has not diminished those privacy interests, as applied to materials, communications, and witness identities that were never made public during the proceedings. *See, e.g., United States v. Gatto*, No. 17 Cr. 686 (LAK), 2019 WL 4194569, *8 (S.D.N.Y. Sept. 3, 2019) (finding that even where "some information relating to the documents in question already has been discussed on the public record or reported in the media does not mean that the third-parties concerned have lost any remaining privacy interests in their contents."). Absent the Protective Orders, that information could then be subject to public disclosure without limitation.

Wholesale lifting of the Protective Orders is not warranted. The protective orders in this case were not blanket orders, but were limited to certain categories of information. *See United States v. Calderon*, 15 Cr. 025, 2017 WL 6453344, at *3 (D. Conn. Dec. 1, 2017) (discussing the relative lack of specific guidance in the context of an application to modify protective orders in criminal cases). The Confidential and Protected Material by definition implicate sensitive subjects and the privacy of numerous third parties. The Government relied on those orders to produce materials in an expeditious and un-redacted fashion for the purpose of complying with the defendants' discovery requests. *Id.* at *4. Lifting the Protective Orders now would also circumvent restrictions that apply to material obtained in the Government's investigation, including under Rule 6(e) of the Federal Rules of Criminal Procedure, the Privacy Act of 1974, Title III, and other policies of the Department of Justice. The WNBC Application provides no precedent to warrant such drastic action. *See United States v. Morales*, 807 F.3d 717, 721 (5th Cir. 2015) ("[m]otions to modify protective orders in criminal cases appear to be infrequent"). To

The Honorable Gregory H. Woods
February 24, 2022
Page 3

the contrary, courts in this Circuit have found that privacy interests over materials obtained in criminal investigations using sensitive techniques, such as wiretaps and search warrants, merit protection even after a prosecution is concluded. *See Gatto*, 2019 WL 4194569 at *8-9 (privacy interests of third-parties referenced in sealed materials weighed against the public disclosure of the materials sought even following a trial); *see also S.E.C. v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010) (ruling that "the district court exceeded its discretion in ordering disclosure of wiretap materials without regard to relevancy, particularly in a case involving a large number of recordings intercepting conversations of innocent parties").

Certainly, "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Gatto*, 2019 WL 4194569, at *9 (quoting *Lugosch*) (internal citations omitted). Nonetheless, these principles do not apply to all records acquired in the course of a criminal investigation, even if they have been produced in discovery. Rather, "only judicial documents are subject to a presumptive right of public access, whether on common law or First Amendment grounds." *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017). "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). As the Court has observed, "[d]ocuments produced during discovery that are not relied on by the Court are not judicial documents." Dkt. 624. Maintaining the Protective Orders therefore does not conflict with the right of public access or First Amendment rights in this case.

For the foregoing reasons, the WNBC Application should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Kimberly J. Ravener*
Kimberly Ravener
Assistant United States Attorney
Southern District of New York
Tel: (212) 637-2358

cc: Counsel of record (by ECF)